# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

CA-POW! (Citizens Alert: Protect our Waters!), by
Donn Rice, as Co-Chairman,

Plaintiff,

DECISION AND ORDER

-v-

10-CV-6035-CJS

THE TOWN OF GREECE, NEW YORK,

Defendant.

---

## APPEARANCES

For Plaintiff:  David J. Seeger, Esq.
Law Office of David J. Seeger
69 Delaware Avenue Suite 1100
Buffalo, NY 14202
(716) 856-1536

For Defendant:  Robert B. Koegel, Esq.
Remington, Gifford, Williams & Colicchio
183 East Main Street Suite 1400
Rochester, NY 14604
(585) 232-5225

## INTRODUCTION

**Siragusa, J.** In a written Decision and Order, the Court denied Plaintiff's motion for
leave to file an amended complaint and granted Defendant's motion to strike Plaintiff's
June 24, 2010, amended complaint, as well as Defendant's motion to dismiss the original
complaint. Decision and Order, *Citizens Alert Prot. our Waters! v. Town of Greece*, No. 10-
CV-6035-CJS, 2010 U.S. Dist. LEXIS 95561 (W.D.N.Y. 2010).

Now before the Court is Defendant's motion seeking an award of attorney's fees
pursuant to 33 U.S.C. § 1365(d), 28 U.S.C. § 1927, Fed. R. Civ. P. 54(d)(2), and Rule
11(b) of the W.D.N.Y. Local Rules of Civil Procedure. Notice of Motion, Sept. 29, 2010,

ECF No. 31. For the reasons stated below, Defendant's application for attorney's fees is granted in part and denied in part.

## PROCEDURAL HISTORY

On March 1, 2010, Defendant filed a motion, ECF No. 2, to dismiss the original complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The Court scheduled oral argument on the motion for June 24, 2010, at 3:00 p.m. On that same day, Plaintiff filed what he titled "Plaintiff's First Amended Complaint," ECF No. 20, without leave of the Court and without consent by Defendant. Subsequently, on July 1, 2010, Defendant moved to strike the amended complaint and to dismiss the original complaint, ECF No. 22. On July 23, 2010, ECF No. 25, Plaintiff cross-moved for leave to file his amended complaint.

In its motion to dismiss Plaintiff's complaint, Defendant argued that Plaintiff lacked capacity and standing to sue, had sent a defective "notice of intent" letter to sue, and that the complaint failed to state a claim upon which relief could be granted. On March 2, 2010, the Court issued a motion scheduling order, ECF No. 15, ordering, *inter alia*, responding papers to be filed and served on or before April 6, 2010, reply papers to be filed and served on or before May 11, 2010, and for all papers to comply with the then current Local Rule of Civil Procedure 7.1.[1] In its responding papers, Apr. 6, 2010, ECF No. 16, Plaintiff failed to include a memorandum of law as required.[2] Plaintiff filed only the cover page of a memorandum. In its reply papers, filed May 10, 2010, ECF No. 17, Defendant alerted Plaintiff and the Court to the fact that Plaintiff had not filed a memorandum of law and

---

[1]The Court's local rules were amended, effective Jan. 1, 2012, and 7.1 was renumbered as 7. However, the overall substance of the rule is unchanged.

[2]The requirement is now located in W.D.N.Y. Loc. R. Civ. P. 7(a)(2)(A) (2012).

further informed the Court that Plaintiff's attorney had a history of not filing memoranda of law.

Although it was on notice, as of May 10, 2010, that its responding papers only included the memorandum cover sheet, instead of a complete memorandum of law, Plaintiff waited until June 24, 2010, merely seventy-six minutes before oral argument was to be heard on the motion to dismiss the original complaint, to file an amended complaint. Amended Compl., Jun. 24, 2010, ECF No. 20. As indicated above, Defendant then moved to strike the amended complaint and to dismiss the original complaint, Jul. 1, 2010, ECF No. 22, and Plaintiff cross-moved for leave to file the amended complaint. First Mot. for Leave to File Amed. Compl., Jul. 23, 2010, ECF No. 25.

In its papers, as indicated above, Defendant alleged that opposing counsel frequently omitted memoranda of law, and so, at oral argument, the Court read the allegations:

> CA-POW's attorney has repeatedly failed to comply with Rule 7.1(e) in other civil actions. In *Lester vs. M&M Knopf Auto Parts*, the Western District of New York found that Mr. Seeger's submissions failed to comply with local Rule 7.1(e) because they did not include an answering memorandum. In *Allens Creek/Corbetts Glen Preservation Group vs. Caldera*, 88 F. Supp 2d 77 at 81, affirmed by the Circuit, this district court found that Mr. Seeger had not filed any memorandum of law as required by rule 7.1(e) until well after six months after the opposing parties filed summary judgment motions. *In Neighbors Organized to Save Amherst's Wetlands*, Lexis 101376, another Western District of New York case, this court, citing Local Rule 7.1(e), admonished Mr. Seeger for filing a 29-page brief containing no case law or other pertinent legal authority. In *Lewis vs. FMC Corp.*, Lexis 76274, the Court granted a motion to strike the summary judgment motion papers submitted by Seeger in part because his memorandum of law contained no meaningful factual or legal argument in violation of the spirit of Local Rule 7.1(e). So I know you're familiar with the rule because you've been told about it on numerous times. So explain to me why being familiar with the rule would you ignore the requirement of filing a memorandum of law.

Transcript at 3, *CA-POW! v. Town of Greece, NY*, 10-CV-6035 (Jun. 24, 2010), ECF No.

27. Plaintiff's counsel eventually responded by stating:

> MR. SEEGER: Okay, your Honor. I wish in May I had done one of those things that your Honor had just mentioned. I had drafted a memorandum of law, I haven't filed it. For some reason only the cover page was done. I did not realize that until Mr. Koegel submitted his affidavit. Frankly I took that as a very uncivil personal assault on me.

*Id.*, at 4. Plaintiff's counsel admitted that he has been practicing law for twenty-nine years

and has represented parties in roughly 100 cases in U.S. District Court over the last twelve

years. *Id.*, 3–4, 10. Later, the Court questioned Plaintiff's counsel about his actions and

omissions. The Court asked counsel three different times why he waited until an hour

before oral argument to file an amended complaint, and received different answers:

> [THE COURT:] So I know you're familiar with the rule because you've been told about it on numerous times. So explain to me why being familiar with the rule would you ignore the requirement of filing a memorandum of law.…
>
> MR. SEEGER: And that was my foolish mistake, your Honor. And I did, frankly, I wasn't sure what to do.…
>
> THE COURT: Why would you wait? Because I don't have it, I'm obviously operating -- why would you wait until an hour before oral argument to file an amended complaint? Explain that to me.
>
> MR. SEEGER: My father died when that memorandum was due before Judge Larimer.
>
> THE COURT: I'm sorry about your loss.
>
> MR. SEEGER: And that is why that Allens Creek memo of law was not filed and I was upset. The other—
>
> THE COURT: When did your father pass away?
>
> MR. SEEGER: 1999, October, eleven years ago. And I'm being faulted now by Mr. Koegle for that.
>
> THE COURT: Wait a second. Your father died eleven years ago?
>
> MR. SEEGER: The Allens Creek litigation, it was from 1999.
>
> THE COURT: I'm not talking about the Allens Creek litigation, we're talking

about this litigation. Why did you wait until an hour before this litigation to argue to file an amended complaint?

MR. SEEGER: I was personally distressed and now Mr. Koegel had, in my view, attacked me. And believe me, I do have a thick skin, but I didn't know what to do. I resolved every single one of his concerns about my complaint through a well drafted thoroughly researched amended complaint that provides extensive details, including EPA studies, all admissible, even though this is not a summary judgment motion, I might add, to shore up and substantiate each and every concern that has been brought concerning whether or not Mr. Rice is president, whether or not—

THE COURT: I understand that and I'm not suggesting—again, I'm not suggesting you couldn't do that. I want to hear you correctly, that you waited until an hour before because you were ticked off at counsel because he questioned your integrity, is that what I'm hearing?

MR. SEEGER: No.

THE COURT: Then you didn't answer my question. Why did you wait until an hour before argument to file this and waste my time and counsel's time?

MR. SEEGER: I was toying with the decision whether to amend or whether to ask your Honor for permission. I opted to amend. I spent dozens of hours on doing the research to complete the amendment. I apologize it was done today, it was a big project.

Transcript, at 8:6–9:24, 3:11–14, 5:9–10.

In it's Decision and Order, the Court found that Plaintiff's counsel's contentions that he was unsure what to do, or that he was "toying with the decision" to seek leave to amend, or that his father's death eleven years ago affected his ability to file a memorandum of law in this case, did not contain the ring of truth. Furthermore, the Court found it unbelievable that an experienced attorney, realizing he inadvertently failed to file a memorandum of law as required by local rule, a rule about which he has been chastised on four other occasions for similar omissions, would make no effort to file his already drafted memorandum of law, or otherwise remedy the error prior to oral argument. Combined with the amended complaint's lack of support for the legal conclusion that a co-

chairman is the equivalent of a president for the purposes of capacity to sue, the Court

determined that Plaintiff's counsel acted in bad faith by moving to amend. Accordingly, as

a result of futility and bad faith, the Court denied Plaintiff's motion to amend and granted

Defendant's motion to dismiss.

## STANDARDS OF LAW

### Citizen Suits—33 U.S.C. § 1365

The Clean Water Act authorizes citizen law suits to enforce the Act and provides in

pertinent part as follows:

> The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate. The court may, if a temporary restraining order or preliminary injunction is sought, require the filing of a bond or equivalent security in accordance with the Federal Rules of Civil Procedure.

33 U.S.C.S. § 1365(d) (2012). Under this Act,

> a prevailing defendant must meet a stricter standard than a prevailing plaintiff to receive an award of fees. *See Atl. States Legal Found., Inc. v. Onondaga Dep't of Drainage & Sanitation*, 899 F. Supp. 84, 87 (N.D.N.Y. 1995). "A prevailing defendant can recover fees only when the Court finds that the litigation was 'frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.'" *Id*. (quoting *Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 422 (1978)).

*Coon v. Willet Dairy, LP*, No. 5:02-CV-1195 (FJS/GJD), 5:04-CV-917 (FJS/GJD),  2009

U.S. Dist. LEXIS 28922 (N.D.N.Y Mar. 31, 2009).

### Counsel's liability for excessive costs

Section 1927 of title 28 provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C.S. § 1927 (2012). As the Second Circuit recognized in *Mone v. Comm'r*, 774 F.2d

570, 574 (2d Cir. 1985), "the statute should be construed narrowly and with great caution,

so as not to 'stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.'"

*Mone*, 774 F.2d at 574 (quoting *Eastway Construction Corp. v. City of New York*, 762 F.2d

243, 254 (2d Cir. 1985)). Additionally, this Court's local rules state the following:

> (a) Dismissal or Default. Failure of counsel for any party, or a party proceeding pro se, to appear before the Court at a conference, to complete the necessary preparations, or to be prepared to proceed to trial at the set time may be considered an abandonment of the case or a failure to prosecute or defend diligently. An appropriate order for sanctions may be entered against the defaulting party with respect to either a specific issue or the entire case.
>
> (b) Imposition of Costs on Attorneys. Upon finding that sanctions pursuant to section (a) would be inadequate or unjust to the defaulting party, the Judge may, in accordance with 28 U.S.C. § 1927, assess reasonable costs directly against counsel whose action has obstructed the effective administration of the Court's business.

W.D.N.Y. Loc. R. Civ. P. 11(a) & (b) (2012).

### *Procedure for imposition of attorney's fees*

With regard to procedural issues for a party seeking the imposition of attorney's

fees, Federal Rule of Civil Procedure 54 provides in pertinent part as follows:

> (2) Attorney's Fees.
>
> (A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>
> (B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:
>
> (i) be filed no later than 14 days after the entry of judgment;
>
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>
> (iii) state the amount sought or provide a fair estimate of it; and

(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(A)–(B) (2009).

### *Reasonable Rate*

Once a decision is made to award attorney's fees, the Court must to determine the "reasonable hourly rate that a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). The court should also consider the *Johnson* factors[3] as well as the following: that a paying client wishes to spend "the minimum necessary to litigate the case effectively" and the benefits to the attorney's reputation for being associated with the case. *Id*. Finally, "the district court should use that reasonable hourly rate to calculate what can properly be termed the 'presumptively reasonable fee.'" *Id*.

## ANALYSIS

Defendant seeks an award of attorney's fees in the amount of $79,395.00. Koegel Aff. ¶ 9, Sept. 29, 2010, ECF No. 31-1. In the alternative, it seeks $13,382.50, representing fees generated for work performed from June 24, 2010, through July 29, 2010.[4] Def.'s

---

[3]*See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). In *Arbor Hill*, the Second Circuit wrote: "The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 522 F.3d at 187 n.3 (citing *Johnson*, 488 F.2d at 717-19).

[4]It was on June 24, 2010, minutes before oral argument on Defendant's motion
(continued...)

Reply Mem. of Law at 6, Nov. 5, 2010, ECF No. 35. Plaintiff opposes the imposition of any attorney's fees, but in the alternative argues that at most, the Court could award a maximum of $7,095.00. Pl.'s Mem. of Law at 8, Oct. 22, 2010, ECF No. 34.

Plaintiff's counsel defends against the imposition of any attorney's fees on him personally, or on Plaintiff, by raising again the arguments the Court rejected—that Co-Chairman Donn Rice did not need to qualify under New York law to have standing to sue in Federal court on behalf of the unincorporated association CA-POW!. The Court determined that Plaintiff's counsel's argument that Federal Rule of Civil Procedure 17 permitted Donn Rice to sue on behalf of CA-POW!, since the "clear language" of that rule plainly relies on state law to determine an unincorporated association's standing to sue, lacked merit. *See, Arbor Hill v. City of Albany, New York*, 250 F. Supp. 2d 48, 60–61 (N.D.N.Y. 2003). The Court, again, rejects counsel's argument. It also rejects counsel's contention that the Court could have permitted counsel a third attempt to re-plead the issue of standing. This was not a *pro se* proceeding in which the Court was required to allow leeway to a non-lawyer party. By his own words, Plaintiff's counsel was an experienced practitioner who had been put on notice about the issue and, contrary to the Federal Rules of Civil Procedure, elected to file a futile amended complaint.

Plaintiff's counsel also argues that under the Court's Local Rule 11 and 28 U.S.C. § 1927, any attorney's fees imposed can only reflect the extent to which "Plaintiff's claims [are] 'so completely without merit as to require the conclusion they must have been

---

[4](...continued)
to dismiss the original complaint, that Plaintiff attempted to file, without leave of the Court, an amended complaint, which the Court determined was futile. July 29, 2010, was the day Plaintiff's counsel filed a motion to amend, seeking leave of the Court.

undertaken for some improper purpose such as delay.'" Pl.'s Mem. of Law at 7, Oct. 22, 2010, ECF No. 34 (citations omitted). Defendant counters that

> the Town is not seeking to recover its attorney's fees on the grounds that CA-POW!'s motion to amend its complaint was frivolous, but rather on the grounds that CA-POW! acted in bad faith when its attorney failed to file a brief opposing the Town's motion to dismiss and deliberately waited 45 days and one hour before oral argument on that motion to file an amended complaint without leave. Thus, it is irrelevant whether CA-POW!'s motion for leave to amend was frivolous or not.

Def.'s Reply Mem. of Law at 8.

Plaintiff's counsel's actions in this case, failing to comply with the W.D.N.Y. Local Rule of Civil Procedure 7.1 (requiring a memorandum of law in opposition) and filing an amended complaint without leave of the Court in violation of Federal Rule of Civil Procedure 15(a)(2), were in bad faith and unreasonably and vexatiously multiplied the proceedings. Accordingly, the Court determines that an award of Attorney's Fees under Local Rule 11 and § 1927 is warranted. The Court finds that the period involved is measured at least from the date Plaintiff filed an amended complaint without leave, June 24, 2010, through the date of the Court's scheduling order on Plaintiff's motion for leave to amend the complaint, July 29, 2010. Because the Court has never made a determination on whether the litigation was frivolous, unreasonable, or groundless, or that Plaintiff continued to litigate after it clearly became so, it declines Defendant's invitation to award attorney's fees pursuant to the Clean Water Act, 33 U.S.C. § 1365.

The Court finds that an hourly rate of $250.00 for an attorney of defense counsel's experience in this market is reasonable. Further, the Court has reviewed the time sheets submitted by defense counsel, Sept. 29, 2010, ECF No. 31-2, and has determined that the following entries constitute a reasonable attorney's resulting from Plaintiff's counsel's bad

faith:

| Date | Hours | Charge |
|---|---|---|
| 6/23/10 | 4.4 | $1,100.00 |
| 6/24/10 | 5.2 | $1,300.00 |
| 6/28/10 | 8.7 | $2,175.00 |
| 6/29/10 | 5.8 | $1,450.00 |
| 6/30/10 | 5.2 | $1,300.00 |
| 7/1/10 | 0.25 | $62.50 |
| 7/26/10 | 6.9 | $1,725.00 |
| 7/27/10 | 7.1 | $1,775.00 |
| 7/28/10 | 5.9 | $1,475.00 |
| 7/29/10 | 5.9 | $1,475.00 |
| TOTAL | 53.55 | $13,837.50 |

As a result of Plaintiff's counsel's filing on the day of oral argument, defense counsel's preparation was for naught—Defendant ended up withdrawing its motion to dismiss the original complaint as a result of Plaintiff's late filing. Therefore, the Court has included defense counsel's preparation time for the oral argument on June 23, 2010, which Plaintiff's counsel should have known was wasted, since an hour before the argument, Plaintiff attempted to amend the complaint.

The purpose of § 1927,

is "to deter unnecessary delays in litigation." H.R. Conf. Rep. No. 1234, 96th Cong., 2d Sess. 8, reprinted in 1980 U.S. Code Cong. & Admin. News 2716, 2782. See Oliveri [v. Thompson, 803 F.2d 1265] at 1274 [1986]. Bad faith is the touchstone of an award under this statute. See McMahon, 896 F.2d at 23. We have held that "an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Oliveri, 803 F.2d at 1273. In contrast with sanctions under Rule 11, awards

pursuant to § 1927 may be imposed only against the offending attorney; clients may not be saddled with such awards. *Id*.

*United States v. International Bhd. of Teamsters*, 948 F.2d 1338, 1345 (2d Cir. N.Y. 1991).

The words from *Oliveri* describe Plaintiff's counsel's actions and, therefore, it is appropriate to make the award under § 1927 personally against counsel.

## CONCLUSION

Defendant's motion for attorney's fees, Sept. 29, 2010, ECF No. 31, is granted in part. The Court awards the amount of $13,837.50 in attorney's fees to Defendant, pursuant to W.D.N.Y. Loc. R. Civ. P. 11 and 28 U.S.C. § 1927. This award is against Plaintiff's counsel only, David J. Seeger, Esq.


IT IS SO ORDERED.

Dated:   March 9, 2012
         Rochester, New York

                                    /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge